***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Donovan with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Commission and subject to the terms of the Workers' Compensation Act, and the Commission has jurisdiction over the parties and the subject matter.
2. Plaintiff was an employee of defendant-employer Oak Haven Assisted Living, LLC.
3. Plaintiff sustained an injury by accident on September 14, 2006.
4. Plaintiff has not returned to work for any employer since her injury.
5. Plaintiff's average weekly wage was $290.95, which yields a compensation rate of $193.97 per week.
6. The issues for determination are:
 a. Whether plaintiff sustained a compensable injury to her neck and low back while employed by defendant-employer;
 b. Whether plaintiff is entitled to further medical benefits for her knees, neck and/or low back as a result of the September 14, 2006, fall at work; and
 c. Whether any disability claimed by plaintiff is causally related to her pre-existing knee condition from a car accident and not the September 14, 2006, fall at work.
 *********** EXHIBITS
1. The parties stipulated the following documentary evidence:
 a. Stipulated Exhibit #1: Medical records (on CD)
 b. Stipulated Exhibit #2: Discovery responses, nurse case notes
2. The following depositions were received into evidence: *Page 3 
 a. William Lestini, M.D.
 b. Robert Appert, M.D.
 c. Christopher Hasty, M.D.
3. Subsequent to the hearing before the Deputy Commissioner, the parties waived deposing Nurse Ruth Bailey and stipulated:
 a. That Ms. Bailey would testify that plaintiff did not report complaints of low back pain to her from December 15, 2006, until April 30, 2007, as reflected in her medical case management reports.
 b. That Ms. Bailey would also testify that plaintiff did not request any treatment for a low back condition from December 15, 2006, until April 30, 2007, as reflected in her medical case management reports.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 48 years old. She was employed during the school year as a substitute teacher and found secondary work during the summers.
2. During Summer 2006, plaintiff was employed as a painter working at defendant-employer's facility. On September 14, 2006, plaintiff fell from a nine foot ladder, tangling her knees in the ladder as she fell and ultimately landing on her back.
3. Plaintiff was transported to Pitt County Hospital by ambulance following the accident. Plaintiff reported she fell approximately three to four feet, caught her left leg in the ladder, and fell onto her tailbone. Plaintiff complained of back pain, knee pain, and wrist pain. *Page 4 
Plaintiff underwent x-rays of the left knee, right wrist, and lumbar and cervical spine. No acute fractures were noted. Plaintiff was discharged with a diagnosis of low back strain, left knee sprain, and right wrist sprain, and was prescribed medication.
4. On September 18, 2006, plaintiff treated with Dr. Alligood for left knee pain. Dr. Alligood recommended plaintiff undergo an MRI. Dr. Alligood did not evaluate or treat plaintiff's low back.
5. As her knees were her primary complaint, plaintiff presented to Dr. Christopher Hasty at Orthopedics East in Greenville, North Carolina on September 19, 2006. On September 21, 2006, plaintiff underwent an MRI of the left knee which revealed a horizontal tear along the posterior horn of the medial and lateral menisci and small baker's cyst. Dr. Hasty indicated plaintiff should undergo arthroscopy with medial meniscectomy. On October 31, 2006, plaintiff underwent left knee arthroscopy and debridement of medial and lateral meniscus tears and plica. Following surgery, plaintiff began a course physical therapy.
6. On November 30, 2006, plaintiff returned to Dr. Hasty for follow-up of her left knee surgery. At that time, she also noted complaints of right knee pain. Dr. Hasty recommended focusing on the left knee and agreed to address the right knee "in several weeks" if the pain continued. On December 11, 2006, plaintiff presented to Dr. Hasty stating that the right knee was as painful as the left had been and that it had been hurting since the date of the fall from the ladder.
7. On December 15, 2006, plaintiff underwent an MRI scan of the right knee which revealed a horizontal tear of the posterior horn of the medial meniscus with inferior articular surface extension. On March 1, 2007, plaintiff underwent right knee debridement. *Page 5 
8. On April 13, 2007, plaintiff complained of lower back pain to Dr. Hasty. Plaintiff maintains that she had raised the issue of back pain prior to this date, but Dr. Hasty did not include the discussion in his notes. Dr. Hasty had no independent recollection of prior complaints of back pain, but admitted that typically "if someone starts to talk about their back, I tell them quickly, `I am not a back doctor. It's not what I do on a regular basis.' So I wouldn't really address it." Dr. Hasty further noted that he would not typically mention a report of back pain in his notes.
9. On April 30, 2007, Dr. Hasty opined that plaintiff had reached maximum medical improvement regarding her knees. He released her to return to work with restrictions of no heavy lifting greater than 30 pounds, no ladder climbing, and no stair climbing without rails. He assigned plaintiff a 15% permanent partial disability rating to the left lower extremity and a 15 % permanent partial disability rating to the right lower extremity. Plaintiff returned to Dr. Hasty in May and June for irritation and infection in her portal incision areas. Additionally, plaintiff sought treatment with Dr. Hasty through August of 2007 for ongoing complaints of knee pain.
10. While Dr. Hasty opined that plaintiff may require total knee arthroscopy at some point in the future, he could not say to a reasonable degree of medical certainty whether or not she would need the procedure.
11. On May 9, 2007, Dr. Hasty referred plaintiff to Dr. Harvell for an evaluation of her back. Defendants refused to provide this examination and, upon Order of Deputy Commissioner Donovan, made arrangements for plaintiff to present to Dr. William Lestini. Plaintiff presented to Dr. Lestini on April 30, 2008, with complaints of pain and tenderness in her low back with a limited range of motion. Plaintiff underwent an MRI and returned to Dr. *Page 6 
Lestini on June 10, 2008. The MRI indicated bulging of the L3-4, a foraminal bulge at L4-5 with a possible annular tear.
12. Dr. Lestini recommended physical therapy and limited plaintiff to light duty work. He opined that, given plaintiff's initial complaints of back pain immediately following the September 14, 2006, injury by accident, it was likely her condition was caused by the incident in question. He further noted that an annular tear is more likely to be the result of trauma than to occur over a long period of time.
13. Dr. Lestini opined that it is "very common where there are several joint-related type symptoms that the one that's most symptomatic takes precedence." In this case, plaintiff's knees presented the most pain and so were treated first. He further opined that the subsequent knee surgery and medications could have masked plaintiff's back pain until the annular tear had further developed. In sum, Dr. Lestini opined that "given the history presented to me I think it's still consistent with an acute event that developed over time."
14. The Full Commission finds credible plaintiff's testimony that she had experienced back pain continuously from the time of her September 14, 2006, injury by accident until she first presented to Dr. Lestini on April 30, 2008, and continuing.
15. Plaintiff presented to Dr. Robert Appert on August 21, 2007, for a second opinion regarding continuing pain in her right knee. Dr. Appert diagnosed plaintiff's right knee with chondromalacia of the patellofemoral joint and a cyst over the lateral aspect of the patellar tendon. From August through September 2007, plaintiff underwent a series of three Synvisc injections in her right knee. On October 18, 2007, plaintiff returned to Dr. Appert, who opined that plaintiff had reached maximum medical improvement and has a 10% permanent partial *Page 7 
disability of the right lower extremity. Dr. Appert further noted that plaintiff could return to work at full duty.
16. By Order of the Executive Secretary dated October 19, 2007, defendants were instructed to allow plaintiff to return to Dr. Hasty as treating physician. Subsequently, Dr. Hasty opined that plaintiff should continue on the restrictions imposed on April 30, 2007, of no heavy lifting greater than 30 pounds, no ladder climbing, and no stair climbing without rails, and that plaintiff could work full time regular duty so long as she did not put pressure on the right knee. The Full Commission finds these restrictions compatible and that they combine to reflect plaintiff's current restrictions.
17. The Full Commission finds, based on the greater weight of the evidence, that plaintiff has suffered a 15% permanent partial disability to the left lower extremity and a 15 % permanent partial disability to the right lower extremity.
18. There are medical records regarding an automobile accident that plaintiff was involved in on February 24, 1997. There is no medical expert testimony that relates any injury plaintiff may have suffered at that time to her current condition.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of the employment on September 14, 2006. N.C. Gen. Stat. § 97-2(6).
2. As a result of the compensable injury, plaintiff continues to be under restrictions that prevent her from returning to employment. Therefore, she is entitled to temporary total *Page 8 
disability compensation at the rate of $193.97 per week for the period from September 14, 2006, and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29.
3. The greater weight of the medical evidence shows that plaintiff's back condition and knee conditions are causally related to the compensable injury by accident. Accordingly, plaintiff is entitled to have defendant pay for medical expenses incurred or to be incurred as a result of these compensable injuries as may be required to provide relief, effect a cure, or lessen the period of disability, subject to the statute of limitations prescribed in N.C. Gen. Stat. § 97-25.1. N.C. Gen. Stat. § 97-2(19).
4. Dr. Lestini is hereby designated as plaintiff's treating physician for her back. The Order of the Executive Secretary naming Dr. Hasty as plaintiff's treating physician for her knees remains in effect. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendants shall pay temporary total disability compensation to plaintiff at the rate of $193.97 per week for the period from September 14, 2006, and continuing until further Order of the Commission. As much of said compensation as has accrued shall be paid in a lump sum.
2. A reasonable attorney's fee of 25% of the compensation awarded to plaintiff in Paragraph 1 above is hereby approved as follows: One fourth of the lump sum due to plaintiff shall be paid directly to plaintiff's counsel. Thereafter, every fourth continuing payment shall be paid directly to plaintiff's counsel. *Page 9 
3. Defendants shall pay medical expenses incurred or to be incurred when medical bills have been submitted according to established Industrial Commission procedures.
4. Defendants shall pay the costs.
This the 22nd day of June, 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_______________ STACI T. MEYER COMMISSIONER *Page 1